Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant CARDO, INC.

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

Case No.: 21-cv-07587-VC

BRIAN WHITAKER,

          Plaintiff

v.

CARDO, INC., a California corporation.

          Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE**

Response to Request For Dismissal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Cardo, Inc. hereby opposes Whitaker's obvious attempt to avoid jurisdictional discovery allowed by this Court just today by requesting a dismissal without prejudice. Defendant Cardo, Inc. is, like Peet's Coffee, one of the cases arising from Whitaker four hour rampage through Burlingame, California – a trip that was already the subject of an evidentiary hearing before this Court.

First, the "Request" is procedurally improper.  There is no such thing as a "request." There are motions, applications, or stipulations – no "requests" other than perhaps a Request for Judicial Notice, which this obviously is not.  If Whitaker wants to dismiss the case to avoid discovery, there is a specific procedure for doing so – Fed.R.Civ.P. 41(a).

Second, under Rule 41(a)(1), once an answer has been filed – as is the case here – a plaintiff has no right to dismiss a case without a stipulation from all parties.  Defendant does not so stipulate, and indeed, believes that Whitaker should be required to respond to the discovery, both for purposes of standing and to show that this case was unreasonable from the start and that Defendant is entitled to reasonable attorney's fees.

Third, Whitaker is thus left with proceeding under Fed.R.Civ.P. 41(a)(2), which provides that "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request *only* by court order, on terms that the court considers proper." Treating Whitaker's request as a motion to dismiss pursuant to Rule 41(a)(2), this Court has full discretion to set the terms of any dismissal.  Defendant asks any dismissal be on the following terms: (1) that any dismissal be held in abeyance until after Whitaker has fully responded to the discovery that he avoided

in *Whitaker v. Peet's Coffee* before this Court and (2) that the *entire* case be dismissed **with prejudice** and (3) the dismissal be conditioned upon Whitaker's payment of costs and attorney's fees.  A district court has discretion to determine whether to impose costs and fees under Rule 41(a)(2). *ME2 Prods. v. Sheldon*, No. 3:17-cv-00158-SB, 2017 U.S. Dist. LEXIS 173264, at *5-6 (D. Or. Sep. 21, 2017) citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (finding that a Rule 41(a)(2) motion "is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion").

Dated: July 22, 2022                    Respectfully Submitted,

By:_____
          Philip H. Stillman, Esq.
Attorney for Defendant
CARDO, INC.

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on July 20, 2022 or as soon as possible thereafter, copies of the foregoing were served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same.

By: /s/ *Philip H. Stillman*
Attorneys for Defendant

**PROOF OF SERVICE**

I, the undersigned, certify under penalty of perjury that on February 8, 2022 or as soon as possible thereafter, copies of the foregoing Initial Disclosures by Defendant was served electronically on counsel for Plaintiff at serve@potterhandy.com

By: /s/ *Philip H. Stillman*

Attorneys for Defendant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28